**In Re Anonymous Nos. 23 D.B. 79 and 38 D.B. 80**

Disciplinary Board Docket Nos. 23 D.B. 79 and 38 D.B. 80.

DANIELS, *Chairman*, November 16, 1984—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board

of the Supreme Court of Pennsylvania submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On July 2, 1981, the Supreme Court of Pennsylvania suspended petitioner from the practice of law in the Commonwealth of Pennsylvania for a period of two years, effective as of March 16, 1981. The charges of professional misconduct which led to petitioner's suspension arose out of circumstances where petitioner received funds from one client and settlement proceeds from a personal injury claim on behalf of another client and deposited those funds in his own attorney account, thereafter converting said funds to his own use. Petitioner was also charged with making misrepresentations to his clients in connection with these funds.

On June 25, 1982, a second two-year suspension was ordered by the Supreme Court of Pennsylvania to run concurrently with the suspension previously ordered. That second suspension arose from similar charges that petitioner had deposited funds received as settlement proceeds from another personal injury case he had been handling into his own attorney account and had, subsequently, converted such funds to his own use. This conduct also took place during the same period of time as that involved in the previous suspension.

Petitioner admitted the facts alleged in each of the separate disciplinary proceedings referred to above, but argued against suspension on the ground that the violations charged had all occurred during a period of time immediately following the sudden death of his wife, when he had been severely de-

pressed, alcohol dependent and mentally impaired from a judgmental point of view.

The instant petition for reinstatement, together with the reinstatement questionnaire, was filed on February 13, 1984 with the Office of the Disciplinary Board. Pursuant to the provisions of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania referred the matter to hearing committee [  ] (hereinafter referred to as committee), consisting of [    ].

Following appropriate notice on May 8, 1984, the committee conducted a hearing in connection with the instant petition for reinstatement on May 22, 1984, during which eleven exhibits were received into evidence, seven being offered by petitioner and four by the Office of Disciplinary Counsel. After the hearing was concluded, the committee filed its report, findings and recommendation with this board on September 10, 1984, wherein it was recommended that petitioner's application for reinstatement to the practice of law in the Commonwealth of Pennsylvania be granted. Upon our review of the entire record in this proceeding, including the report, findings and recommendation of hearing committee [     ], we hereby recommend that the instant petition for reinstatement be granted for the reasons set forth hereinafter.

## II. DISCUSSION

In order for petitioner to gain reinstatement to the bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Common-

wealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, nor subversive of the public interest. See Rule 218 (c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

A. Competency and Learning In The Law

After his suspension, petitioner performed work for a number of practicing attorneys in the Philadelphia area, including [A]        , Esq. Such work involved legal research, preparation of various legal papers and some investigatory matters as well. [A]         and other attorneys who utilized petitioner's services during this period of time testified before the committee, without exception, that petitioner was a skilled and able employee and possessed regular and conscientious work habits and great aptitude for his trade.

The committee determined that petitioner's employment helped keep him abreast of ongoing developments in the law and that petitioner had also attended a number of continuing legal education courses and videotape lectures in order to remain current in the law. Several of the attorneys who testified at the hearing before the committee expressed their opinion that petitioner was well versed as to the current state of the law in a number of substantive law areas.

Since petitioner has been regularly employed by a number of attorneys to do legal research, prepare legal documents and conduct investigations, and has also attended numerous continuing legal education courses and lectures (all since the date of his suspension), petitioner has proven, by clear and convincing evidence, "that he has . . . the competency

and learning in the law required for admission to practice law in this Commonwealth." See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

B. Moral Qualifications

Petitioner has also demonstrated that he has the requisite moral qualifications to qualify for reinstatement to the practice of law in the Commonwealth of Pennsylvania. For, as the Committee observed:

"Prior to the date of Petitioner's suspension, petitioner made full restitution to the clients the misappropriation of whose funds had been the subject of the two Disciplinary Board proceedings.

Following Petitioner's suspension, on April 24, 1981, Petitioner filed a Statement of Compliance with the Disciplinary Board.

Petitioner has never been arrested, investigated or prosecuted for any crime (other than a motor vehicle violation)." (Findings of Fact nos. 1, 2 and 7 of hearing committee [     ], pp. 3-4).

In addition, a number of witnesses, both social friends and business associates, testified before the committee on petitioner's behalf. The substance of that testimony was that petitioner no longer had an alcohol problem and was in all other ways morally fit. Moreover, the committee observed:

"In the opinion of [B]      , M.D., Petitioner's psychiatric status has stabilized, he has recovered from his depression and is no longer having difficulty with alcohol. [B]      has not prescribed antidepressant medication for Petitioner since at least April 20, 1982." (Findings of Fact no. 9 of hearing committee [     ], p. 4).

Although Disciplinary Counsel, during its cross-examination of petitioner, elicited admissions from petitioner that demonstrated his failure to withdraw

his appearance as counsel on behalf of one [C] in a lawsuit against SEPTA, following petitioner's suspension in 1981, and certain inaccurate and/or incomplete statements of information in his reinstatement questionnaire, neither of these circumstances adversely reflect upon petitioner's moral qualifications so as to preclude his reinstatement to the practice of law in this Commonwealth. Petitioner's failure to withdraw his appearance as counsel for [C] was found by the committee to be "inadvertent and unknowing" (Findings of Fact no. 4 of hearing committee [   ], p. 3). The omissions or inaccuracies in petitioner's reinstatement questionnaire, as elicited by Disciplinary Counsel upon her cross-examination of petitioner, were in no way denied or obfuscated by petitioner, who readily admitted to them. Moreover, the omissions or inaccuracies themselves were of little consequence to the substance or weight of petitioner's reinstatement petition itself. The committee was completely satisfied that petitioner had completed the reinstatement questionnaire with substantial accuracy and with the intent of making full and complete disclosure. The Office of Disciplinary Counsel itself apparently regarded such inadvertences and/or omissions as de minimis, for no exception has been filed by such office to the hearing committee's recommendation that petitioner be reinstated to the practice of law in this Commonwealth. The committee was impressed with petitioner's candor and honesty and found that he did possess the requisite moral qualifications to return to the practice of law in this Commonwealth.

In light of the foregoing, this board adopts the findings of hearing committee [   ], fully and unequivocally, and finds that the record in this proceeding demonstrates that petitioner does in fact possess the prerequisite moral qualifications for

reinstatement to the practice of law in the Commonwealth of Pennsylvania.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Accordingly, the Disciplinary Board of the Supreme Court of Pennsylvania makes the following findings of fact and conclusions of law in this reinstatement proceeding:

1. Petitioner was suspended from the practice of law for a period of two years by order of the Supreme Court of Pennsylvania dated July 2, 1981, such suspension becoming effective as of March 16, 1981.

2. Such period of suspension has expired as of March 16, 1983.

3. Petitioner duly applied for reinstatement to the practice of law in the Commonwealth of Pennsylvania and filed the requisite reinstatement questionnaire in connection therewith on February 13, 1984.

4. Petitioner has carried the burden and proved by clear and convincing evidence that he has the moral qualifications and competency and learning in the law required for admission to practice law in this Commonwealth and that the resumption of the practice of law in this Commonwealth by petitioner will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [Petitioner]     to the practice of law in the Commonwealth of Pennsylva-

nia be granted by your honorable court, and further recommends that the court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petition for reinstatement be borne by and paid for by said petitioner.

Mr. Douglas did not participate in the adjudication.

## ORDER

NIX, C. J., And now, this December 21, 1984, the recommendation of the Disciplinary Board dated November 16, 1984, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.